IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBIN TAKEMOTO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TRACEY A. ABRISCE; AND MAHINA ASUNCION, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILDREN, Z.P.A., Z.K.A.-A., Z.K.A.-A.;<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, THE QUEEN'S MEDICAL CENTER, ELLIE COHEN, M.D., MELISSA ALSBERGAS, C.R.N.A., HAWAII RESIDENCY PROGRAMS, INC.,<br><br>Defendants. | CIV. NO. 19-00257 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MELISSA ALSBERGAS, C.R.N.A.'S PETITION FOR GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT MELISSA ALSBERGAS, C.R.N.A.'S PETITION FOR GOOD FAITH SETTLEMENT

Defendant Melissa Alsbergas, C.R.N.A's Petition for Good Faith Settlement, filed on September 11, 2020 ("Petition") (ECF No. 134), came before the Honorable Rom A. Trader for a telephonic hearing on November 12, 2020 at 9:30 a.m. Appearing by telephone were Robert K. Fricke, Esq. on behalf of Robin Takemoto, Individually and as Personal Representative of the Estate of Tracey A. Abrisce, and Mahina Asuncion, Individually and as Next Friend of Minor Children, Z.P.A., Z.K.A.-A., and Z.K.A.-A. (collectively "Plaintiffs"); William A. Bordner, Esq. on behalf of Hawaii Residency

Programs, Inc. ("HRP"); Harry Yee, Esq. on behalf of the United States of America ("USA"); Gail Y. Cosgrove, Esq. on behalf of The Queen's Medical Center ("QMC"); and Michael J. Van Dyke, Esq. on behalf of Defendant Melissa Alsbergas, C.R.N.A. ("Alsbergas").

The Court carefully considered the Petition, Plaintiffs' Joinder, filed October 5, 2020 (ECF NO. 150), HRP's Statement of No Position, filed October 13, 2020 (ECF No. 152), USA's Statement of No Position, filed October 15, 2020 (ECF No. 155), and QMC's Statement of No Position, filed October 15, 2020 (ECF No. 154).  No opposition or objection was asserted or raised at the hearing, and there is no opposition or objection to the Petition.  Accordingly, the Court FINDS and RECOMMENDS that the Petition be GRANTED for the reasons set forth below.

## BACKGROUND

This medical malpractice matter arises from the death of Tracey A. Abrisce (the "patient") at QMC.  ECF No. 33.

According to Plaintiffs' allegations, the patient was treated at QMC starting on or about October 29, 2016.  Id. at ¶ 38.  In the early morning of November 1, 2016, a code blue was initiated after the patient stopped breathing.  Id. at ¶¶ 62 & 63.  Certified Registered Nurse Anesthetist Melissa Alsbergas ("Alsbergas") was called to assist in the code.  Alsbergas attempted to intubate the patient but could not do so because of the swelling to the patient's airway.  See id. at ¶ 69.  A bedside tracheostomy was performed by the surgical resident before the patient could be transported to the ICU.  See id. at ¶¶

69 & 73. Unfortunately, the patient was later determined to be brain dead and passed away. Id. at ¶¶ 74-77.

Although Alsbergas denied liability in this matter, to compromise disputed claims and to avoid further attorneys' fees and costs associated with the defense of those claims and the uncertainty that is inherent in any case, Plaintiffs and Alsbergas reached a settlement which was reduced to writing as reflected by the Confidential Joint Tortfeasor Release and Indemnity Agreement, which was submitted to the Court and all parties herein under seal.

## DISCUSSION

Under Haw. Rev. Stat. § 663-15.5(a), a good faith settlement (1) discharges the settling party from liability for contribution to joint tortfeasors and (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated in the release or in the amount of consideration paid for it, whichever is greater. Haw. Rev. Stat. § 663-15.5(a) provides that a party may petition the court for a determination that a settlement entered into by a plaintiff and one or more alleged joint tortfeasors was made in good faith. The determination of good faith bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and results in the dismissal of all crossclaims filed against the settling joint tortfeasor, except those based on a written indemnity agreement. Haw. Rev. Stat. § 663-15.5(a) & (d).

In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

    (1)    the type of case and difficulty of proof at trial . . .;

(2) the realistic approximation of total damages that the plaintiff seeks;

(3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

(4) the predicted expense of litigation;

(5) the relative degree of fault of the settling tortfeasors;

(6) the amount of consideration paid to settle the claims;

(7) the insurance policy limits and solvency of the joint tortfeasors;

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 102 Hawai'i 399, 430, 77 P.3d 83, 111 (Haw. 2003). This approach is based on the rationale that Haw. Rev. Stat. § 663-15.5 is intended to encourage settlements and the good faith provision is meant to merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor. Troyer, 102 Hawai'i at 426, 77 P.3d at 110. This list is not exclusive and "the Court may consider any other factor that is relevant to whether a settlement has been given in good faith." Id. The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

Given the totality of the circumstances and the absence of opposition, the Court finds that Plaintiffs and Alsbergas entered into settlement in good faith. The Court has reviewed the factors set forth in Troyer v. Adams and the material terms of the settlement, noted that the Court's decision would be reviewed under an abuse of discretion standard, and finds that the essential terms of the settlement meet the purpose of Haw. Rev. Stat. § 663-15.5 and are reasonable and in good-faith.

CONCLUSION

Based on the foregoing, the Court FINDS that the settlement between Plaintiff and Alsbergas is in good faith under Haw. Rev. Stat. § 663–15.5 and RECOMMENDS that the Petition be GRANTED, that Alsbergas is discharged from any and all liability and/or contribution herein, that any and all claims that have been asserted against Alsbergas be dismissed with prejudice, and that all joint tortfeasors and/or co-obligors be barred from asserting any future claims against Alsbergas.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, December 29, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____
Civ. No. 19-00257 JMS-RT; *Takemoto, et al. v. U.S.A., et al.*; Findings and Recommendation to Grant Defendant Melissa Alsbergas, C.R.N.A.'s Petition for Good Faith Settlement