IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBIN TAKEMOTO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TRACEY A. ABRISCE; AND MAHINA ASUNCION, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILDREN, Z.P.A., Z.K.A.-A., Z.K.A.-A.; <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, THE QUEEN'S MEDICAL CENTER, ELLIE COHEN, M.D.,  HAWAII RESIDENCY PROGRAMS, INC., <br><br> Defendants. | CIV. NO. 19-00257 JMS-RT <br><br> FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' PETITION FOR GOOD FAITH SETTLEMENT WITH DEFENDANT THE QUEEN'S MEDICAL CENTER |

**FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' PETITION FOR GOOD FAITH SETTLEMENT
WITH DEFENDANT THE QUEEN'S MEDICAL CENTER**

Before the Court is Plaintiffs Robin Takemoto, Individually and as Personal

Representative of the Estate of Tracey A. Abrisce, and Mahina Asuncion,

Individually and as Next Friend of Minor Children, Z.P.A., Z.K.A.-A., and Z.K.A.-

A.'s (collectively "Plaintiffs") Petition for Good Faith Settlement with Defendant

the Queen's Medical Center ("QMC") ("Petition"), filed on August 23, 2021.  ECF

No. 285.  Plaintiffs petition this Court for "a determination that the settlement

entered into between Plaintiffs and [QMC] was entered into in good faith, that

QMC be discharged from liability for any contribution to any other joint

tortfeasors within the meaning of HRS Section 663-15.5, and that all claims by or

against QMC be dismissed with prejudice such that no further claims remain by or

against QMC in this lawsuit."  ECF No. 285 at PageID #: 3540.

The Court elects to decide the Petition without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.

After careful review of the Petition, QMC's Joinder in Plaintiffs' Petition

("QMC's Joinder") (ECF No. 289), declaration, exhibits, files and records in this

case, and applicable law, the Court FINDS that the settlement agreement entered

into on August 5, 2021 was made in good faith under Haw. Rev. Stat. § 663-15.5

and RECOMMENDS that the Petition be GRANTED.

## BACKGROUND

Plaintiffs and QMC engaged in mediation sessions on October 19, 2020 and

March 4, 2021.  ECF No. 285-1 at PageID #: 3546.  Plaintiffs and QMC

participated in settlement conferences on May 11, 2021, May 18, 2021, and

thereafter.  Id.  During a settlement conference on August 5, 2021, Plaintiffs and

QMC reached a settlement, which was memorialized as the Confidential Joint

Tortfeasor Release & Indemnity Agreement ("Agreement"), and has been filed

under seal.  ECF No. 288.

On August 23, 2021, Plaintiffs filed the instant Petition.  On August 25,

2021, QMC filed a Joinder in Plaintiffs' Petition.  ECF No. 289.  During later

discussions, it was unclear whether the Court's ruling on the pending Petition

would be required should settlement be reached as to all other remaining parties

and claims.  Subsequently, the Court confirmed that QMC requires a ruling on the

Petition.  ECF No. 302.  At present, settlement has been reached as to all other

parties and claims.  ECF Nos. 134, 143, 150, 152, 154, 155, 167, 179, 184, 219,

279, 285, 288, 289, 293, 294, 297, 298, 299, 301 and 302.  Thus, the Court enters

its findings and recommendation for consideration by the district court.

## DISCUSSION

Haw. Rev. Stat. § 663-15.5 governs "the effect of a settlement on non-

settling joint tortfeasors in the context of multi-party litigation."  Troyer v. Adams,

102 Hawaiʻi 399, 403, 77 P.3d 83, 87 (2003).  Under this statute,

> (a)  A release, dismissal with or without prejudice, or a covenant not to
> sue or not to enforce a judgment that is given in good faith under
> subsection (b) to one or more joint tortfeasors, or to one or more co-
> obligors who are mutually subject to contribution rights, shall:
>
> > (1) Not discharge any other joint tortfeasor or co-obligor not
> > released from liability unless its terms so provide;

3

(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and

(3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

Haw. Rev. Stat. § 663-15.5(a).  Hawaii courts consider the "totality of circumstances" when determining whether a settlement is in good faith under Haw. Rev. Stat. § 663-15.5.  Troyer, 102 Haw. at 425-26.  "[T]he determination of good faith is left to the discretion of the trial court . . . and shall not disturbed in the absence of an abuse of discretion."  Troyer, 102 Haw. at 422-23.  The Court considers the following factors in reaching a good faith settlement determination:

(1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427.  This approach is based on the rationale that Haw. Rev. Stat. § 663-15.5 is intended to encourage settlements and the good faith provision is meant to merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor. Troyer, 102

4

Hawaiʻi at 426, 77 P.3d at 110.  This list is not exclusive.  Id.  "[T]he Court may

consider any other factor that is relevant to whether a settlement has been given in

good faith."  Id.  The Hawaii legislature, in adopting Haw. Rev. Stat. § 663-15.5,

was "more interested in encouraging settlements than ensuring the equitable

apportionment of liability."  Id. at 426.  The legislature intended to "simplify the

procedures and reduce the costs associated with claims involving joint tortfeasors .

. ."  Id. (citation omitted).  The party opposing the good faith settlement

determination bears the burden of proving that the settlement was not in good faith.

Haw. Rev. Stat. § 663-15.5(b).

The Court finds that the totality of circumstances demonstrates that the

Agreement was made in good faith.  The Court brokered the negotiations between

the parties that resulted in the Agreement and is familiar with the circumstances of

this case.  The Court adopts the arguments made and authorities relied upon by

Plaintiffs.

This case is a medical malpractice and wrongful death action involving

complex medical issues, thousands of pages of medical records, and a multitude of

other documents.  This case also involves numerous parties, treating medical

providers, and experts on liability causation and damages.  Although QMC denied

liability in this matter, to compromise disputed claims and to avoid substantial

litigation risk and expense to defend in this action, Plaintiffs and QMC reached a

settlement. Taking into consideration these facts and the confidential settlement amount, the Court finds that the first, second, third, fourth, and sixth factors weigh in favor of the finding of good faith. The fifth factor also weighs in favor of a finding of good faith in that the decedent was being treated at QMC and Plaintiffs' liability expert has alleged several breaches in the medical standard of care by QMC's attending physician. Additionally, QMC has adequate insurance policy coverage and as such, the seventh factor does not weigh against a finding of good faith. The relationship among the parties also shows that the eighth and ninth factors also weigh in favor of a finding of good faith. Further, QMC filed a joinder to Plaintiffs' Petition and thus agrees with a finding that the Agreement was made in good faith. Accordingly, based on the totality of circumstances and given that the Petition is unopposed, the Court finds that the Agreement was entered into in good faith.

## CONCLUSION

The Court has carefully reviewed the factors set forth in Troyer v. Adams, and FINDS that the essential terms of the Agreement between Plaintiffs and QMC meet the purpose of Haw. Rev. Stat. § 663-15.5 and were made in good faith. Accordingly, the Court RECOMMENDS that the district court find that based on the foregoing, (1) the Agreement between Plaintiffs and QMC was entered into in good faith pursuant to Haw. Rev. Stat. § 663-15.5; (2) the settlement bars all joint

6

tortfeasors from asserting any claims against QMC for contribution arising out of the occurrences which form the basis of the claims in accordance with Haw. Rev. Stat. § 663-15.5; and (3) the dismissal of all claims by or against QMC with prejudice such that no further claims remain by or against QMC in this lawsuit is appropriate.  Accordingly, the Court RECOMMENDS that Plaintiffs' Petition be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 19, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00257 JMS-RT;  *Robin Takemoto, et al. vs. United States of America, et al.*;  Findings and Recommendation to Grant Plaintiffs' Petition for Good Faith Settlement with Defendant The Queen's Medical Center

7