IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROBIN TAKEMOTO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TRACEY A. ABRISCE; AND MAHINA ASUNCION, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILDREN, Z.P.A., Z.K.A.-A., Z.K.A.-A.;<br><br>            Plaintiffs,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, THE QUEEN'S MEDICAL CENTER, ELLIE COHEN, M.D., HAWAII RESIDENCY PROGRAMS, INC.,<br><br>            Defendants. | CIV. NO. 19-00257 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO DEFENDANT HAWAII RESIDENCY PROGRAMS, INC.'S PETITION FOR DETERMINATION THAT SETTLEMENT IS MADE IN GOOD FAITH UNDER HRS § 663-15.5 AND FOR OTHER RELIEF |

**FINDINGS AND RECOMMENDATION TO DEFENDANT
HAWAII RESIDENCY PROGRAMS, INC.'S PETITION
FOR DETERMINATION THAT SETTLEMENT IS MADE IN
<u>GOOD FAITH UNDER HRS § 663-15.5 AND FOR OTHER RELIEF</u>**

Before the Court is Defendant Hawaii Residency Programs, Inc.'s ("Defendant HRP") Petition for Determination that Settlement is Made in Good Faith Under HRS § 663-15.5 and for Other Relief ("Petition"), filed on October 22, 2021. ECF No. 293. Defendant HRP petitions the Court for a determination that

the partial settlement agreement entered into between Plaintiffs and Defendants HRP, Ellie Cohen, M.D. ("Dr. Cohen"), and Gloria Hong, M.D., now known as Gloria Aldan, M.D. ("Dr. Hong") (collectively "Defendants") was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5.  Defendant HRP also "moves for an order under Haw. Rev. Stat. § 663-15.5(d)(1) that any further claims by any other joint tortfeasor or co-obligor against [Defendants], or any one of them, are hereinafter barred, and that all claims by or against [Defendant] HRP are dismissed with prejudice such that no further claims remain by or against [Defendant] HRP in this lawsuit."  ECF No. 293 at PageID #: 3760.

The Court elects to decide the Petition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

After careful review of the Petition, the parties' submissions, files and records in this case, and applicable law, the Court FINDS that the Release and Indemnity Agreement ("Agreement") made between Plaintiffs and Defendants was entered into in good faith under Haw. Rev. Stat. § 663-15.5 and RECOMMENDS that the Petition be GRANTED.

## BACKGROUND

Plaintiffs and Defendants negotiated over a period of months to reach the Agreement presently before the Court.  Defendants United States of America, The

Queen's Medical Center, Melissa Alsbergas, C.R.N.A. and all physicians who treated the decedent other than Dr. Ellie Cohen and Dr. Gloria Hong are not parties to Agreement.

On May 11, 2021, Plaintiffs and Defendants entered into a partial settlement. ECF No. 219.  On October 22, 2021, Defendant HRP filed the instant Petition. ECF No. 293.  On October 26, 2021, defendant the Queen's Medical Center filed a Statement of No Opposition as to Defendant HRP's Petition.  ECF No. 297.  Also on October 26, 2021, defendant United States of America filed a Statement of No Position as to Defendant HRP's Petition.  ECF No. 298.  On that same day, Plaintiffs filed a Joinder in Defendant HRP's Petition ("Joinder").  ECF No. 299. The Agreement was thereafter filed under seal on October 28, 2021.  ECF No. 301. It was unclear whether the Court's ruling on the instant Petition was required should settlement be reached as to all other remaining parties and claims. Subsequently, the Court confirmed that Defendants require a ruling on the Petition. ECF No. 302.  At present, settlement has been reached as to all other parties and claims.  ECF Nos. 134, 143, 150, 152, 154, 155, 167, 179, 184, 219, 279, 285, 288, 289, 293, 294, 297, 298, 299, 301 and 302.  Thus, the Court enters its findings and recommendation for consideration by the district court.

## DISCUSSION

Haw. Rev. Stat. § 663-15.5 governs "the effect of a settlement on non-settling joint tortfeasors in the context of multi-party litigation." Troyer v. Adams, 102 Hawaiʻi 399, 403, 77 P.3d 83, 87 (2003). Under this statute,

> (a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
>
> > (1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
> >
> > (2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
> >
> > (3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.

Haw. Rev. Stat. § 663-15.5(a). Hawaii courts consider the "totality of circumstances" when determining whether a settlement is in good faith under Haw. Rev. Stat. § 663-15.5. Troyer, 102 Haw. at 425-26. "[T]he determination of good faith is left to the discretion of the trial court . . . and is not disturbed in the absence of an abuse [of discretion]." Troyer, 102 Haw. at 422-23. The Court considers the following factors in reaching a good faith settlement determination:

> (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her

4

success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Id. at 427. This approach is based on the rationale that Haw. Rev. Stat. § 663-15.5 is intended to encourage settlements and the good faith provision is meant to merely provide the court with an opportunity to prevent collusive settlements aimed at injuring the interests of a non-settling joint tortfeasor. Troyer, 102 Hawaiʻi at 426, 77 P.3d at 110. This list is not exclusive. Id. "[T]he Court may consider any other factor that is relevant to whether a settlement has been given in good faith." Id. The Hawaii legislature, in adopting Haw. Rev. Stat. § 663-15.5, was "more interested in encouraging settlements than ensuring the equitable apportionment of liability." Id. at 426. The legislature intended to "simplify the procedures and reduce the costs associated with claims involving joint tortfeasors." Id. (citation omitted). The party opposing the good faith settlement determination bears the burden of proving that the settlement was not in good faith. Haw. Rev. Stat. § 663-15.5(b).

There is no opposition to the Petition, and Plaintiffs have filed a Joinder. The Court thus adopts the arguments made and authorities relied upon by Defendant HRP. This is a complex medical malpractice case with multiple

5

defendants, physicians, and experts involved. Because of the complexity of this case, the first and fourth factors weigh in favor of a finding of good faith. The second and third factors also weigh in favor of good faith as the medical evidence available indicates that there is little likelihood that Plaintiffs will recover against Defendants. The fifth and sixth factor also favors a finding of good faith as the Defendants were only few of many defendants and physicians potentially responsible and the confidential settlement amount reflects this issue. The seventh factor also weighs in favor of good faith because defendants United States of America, The Queen's Medical Center, and the physicians who treated Mr. Abrisce (other than Dr. Cohen and Dr. Hong) have ample insurance coverage to satisfy any damages claimed by Plaintiffs. The eighth and ninth factors weigh in favor of a good faith finding because there is no collusion, wrongful conduct, or evidence of bad faith. Accordingly, the Court finds that given the totality of the circumstances, the Agreement entered into by Plaintiffs and Defendants was in good faith.

## CONCLUSION

Based on the foregoing, the Court finds that the essential terms of the Agreement between Plaintiffs and Defendants meet the purpose of Haw. Rev. Stat. § 663-15.5 and were made in good faith. As such, the Court RECOMMENDS the district court find that (1) the Agreement between Plaintiffs and Defendants HRP,

Dr. Cohen, and Dr. Hong was made in good faith pursuant to Haw. Rev. Stat. § 663-15.5; (2) any further claims by any other joint tortfeasor or co-obligor against Defendants are barred; and (3) all claims by or against Defendants are dismissed with prejudice such that no further claims remain by or against Defendants in this lawsuit.  Accordingly, the Court RECOMMENDS the district court GRANT Defendant HRP's Petition.

    IT IS SO FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, January 19, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 19-00257 JMS-RT;  *Robin Takemoto, et al. vs. United States of America, et al.*;  Findings and Recommendation to Defendant Hawaii Residency Programs, Inc.'s Petition for Determination that Settlement is Made in Good Faith Under HRS § 663-15.5 and for Other Relief